# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHELSEA KOENIG | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 16-1396 |
| GRANITE CITY FOOD & BREWERY, LTD. | : | |

**KEARNEY, J.** May 11, 2017

## MEMORANDUM

Restaurant employees seeking wages based on allegedly earned tips under the Fair Labor Standards Act and Pennsylvania wage laws typically aggregate their claims with an employee filing the case and the other similarly situated employees either later joining the federal statutory case or opting out of the Pennsylvania wage case. Otherwise, no single employee would have enough possible recovery to justify the litigation expense against the employer. We carefully evaluate several factors before we allow one employee to bring a collective or class action for other employees as the employer must have notice of the common claims to ensure the individual claims do not overcome the common issues and allow a common defense. Among other factors, but of concern today, the employee bringing the case must show her claim, and the claim of the other employees, are sufficiently similar to allow us to conditionally certify a collective action under federal law largely for purposes of case notice and to certify a class action for the Pennsylvania wage claim. After evaluating all of the long-established factors and the facts adduced in discovery, we grant this restaurant employee's motions for conditional certification to allow notice to her co-employees under the Fair Labor Standards Act and for class action treatment of the Pennsylvania wage claims as defined in the accompanying Order.

I.  **Background**

Chelsea Koenig formerly worked as a bartender for Cadillac Ranch All American Bar & Grill in Robinson, Pennsylvania. Cadillac Ranch paid Ms. Koenig less than the hourly minimum wage and made up the difference by crediting her customer tips towards minimum wage. Ms. Koenig alleges Cadillac Ranch failed to give her sufficient notice of its use of the tip credit under the Fair Labor Standards Act (FLSA). Ms. Koenig also alleges Cadillac Ranch failed to give sufficient notice to other bartenders, servers, bussers, and food runners in the Robinson, Pennsylvania location and at its four other locations in Florida, Indiana, and Maryland.[1]

Ms. Koenig also alleges Cadillac Ranch violated Pennsylvania's Minimum Wage Act by: (1) failing to meet tip credit notification requirements; (2) failing to pay tipped employees full minimum wage when they performed non-tipped work; (3) claiming a tip credit in excess of amounts permitted by Pennsylvania law; and, (4) forcing tipped employees forfeit tips when customers walked out or the employee had a cash shortage.

After months of initial discovery on these issues, Ms. Koenig now moves to conditionally certify a collective action for violating the tip credit notice of the Fair Labor Standards Act. Ms. Koenig also moves to certify a class of Pennsylvania employees under Fed. R. Civ. P. 23 for Cadillac Ranch's alleged violation of the Pennsylvania Minimum Wage Act. Cadillac Ranch opposes both motions, arguing Ms. Koenig adduced no evidence her allegations and injuries are consistent with other employees at the five locations.

II.  **We conditionally certify an FLSA collective class.**

Ms. Koenig moves to certify a collective of all former and current tipped employees (such as server, bartender, busser, food runner) of Cadillac Ranch All American Bar & Grill[2] in

2

Pennsylvania, Maryland, Florida, or Indiana at any time from September 9, 2013 to the date the tipped employee signed Cadillac Ranch's January 2017 Tip Credit Policy.

The Fair Labor Standards Act allows Ms. Koenig to bring a representative action for herself and other employees under 29 U.S.C. § 216(b) if (1) the employees are all similarly situated; and, (2) each class member individually consents with the court to join the action.[3] Our Court of Appeals directs a two-tier approach in certifying a collective class.[4] In the first tier we require a "modest factual showing," where Ms. Koenig "must product some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees."[5] We apply a lenient standard because "conditional certification is not really a certification, but is rather [an] exercise of [our] discretionary power to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under the [Act]."[6]

Ms. Koenig makes a "modest factual showing" other tipped employees are "similarly situated" because Cadillac Ranch failed to give sufficient notice to its tipped employees it utilized the tip credit to satisfy the Act's minimum wage requirement at its five locations. Ms. Koenig testified when Cadillac Ranch hired her, no one explained the tip credit policy, how her compensation was structured, or provided her with notice of the tip credit provision.[7]

Ms. Koenig adduced evidence Cadillac Ranch had the same tip credit policies and procedures for tipped employees at its five locations. Cadillac Ranch's corporate designee testified all five locations utilize the tip credit provision for its tipped employees so the employees are similarly situated for compensation purposes.[8] In response to an Interrogatory, Cadillac Ranch admits providing notice of its utilization of the tip credit to employees "through its policies, procedures, FLSA posters and through oral notification from local management

personnel...Tipped Employees are informed of the tip credit Cadillac Ranch intends to claim through the Company's Compensation Policy and oral representations from location management personnel."[9] The Cadillac Ranch employee handbooks used from September 9, 2013 until the implementation of the January 2017 tip credit notice addressed tip credit laws but Ms. Koenig alleges it does not meet the FLSA's requirements for sufficient notice.[10] The corporate designee testified Cadillac Ranch had a written policy notifying employees it used the tip credit in beginning in April 2016 but did not have one before then.[11]

Taken together, Ms. Koenig makes a "modest factual showing" all tipped employees at Cadillac Ranch's five locations are "similarly situated" because Cadillac Ranch used the same procedure to inform tipped employees and used the same employee handbooks at its five locations.

Cadillac Ranch argues its local management personnel provided proper oral notice of the tip credit policy to some tipped employees and attached supporting declarations from those employees. Cadillac Ranch argues the existence of employees who received proper oral notice defeats a conditional finding tipped employees are similarly situated for a collective action. We disagree. Cadillac Ranch's actions in creating a written tip credit in 2016 and implementing and mandatory electronically signed policy in 2017 suggests a flawed policy of oral notification. Cadillac Ranch's argument is more appropriate for a summary judgment motion at our second-tier of review. At this stage, Ms. Koenig meets our lenient standard for conditional certification.

**III. We certify a class for Ms. Koenig's Pennsylvania Minimum Wage Act claims.**

Ms. Koenig moves to certify a class of all former and current Tipped Employees (such as server, bartender, busser, food runner) of Cadillac Ranch All American Bar & Grill in Pennsylvania at any time from September 9, 2013 to the date the tipped employee signed

4

Cadillac Ranch's January 2017 Tip Credit Policy. Ms. Koenig alleges Cadillac Ranch violated Pennsylvania's Minimum Wage Act by: (1) failing to meet tip credit notification requirements; (2) failing to pay tipped employees full minimum wage when they performed non-tipped work; (3) claiming tip credit in excess of amounts permitted by Pennsylvania law; and, (4) forcing tipped employees forfeit tips when customers walked out or the employee had a cash shortage.

When reviewing class certification, we identify the "common interests" of the class members and evaluate Ms. Koenig's and her counsels' "ability to fairly and adequately protect class interests" under Fed. R. Civ. P. 23.[12] Rule 23(a) requires: (1) numerosity: meaning the class "must be so numerous that joinder of all members is impracticable"; (2) commonality: meaning there are "questions of law or fact common to the class"; (3) typicality: meaning the "claims or defenses of the representative parties" must be "typical of the claims or defenses of the class"; and, (4) adequacy of representation: meaning the named plaintiff and counsel will "fairly and adequately protect the interests of the class."[13] We then turn to Rule 23(b)(3) which requires "(1) common questions of law or fact predominate (predominance); and, (2) the class action is the superior method for adjudication (superiority)."[14]

**1. Ms. Koenig satisfies the Rule 23(a) requirements.**

We reviewed the post-discovery detailed record and, based on our findings below, determine Ms. Koenig establishes the propriety of certifying a class of employees with Pennsylvania state law wage claims by a preponderance of the evidence.[15]

**A. The Class satisfies the numerosity requirement.**

Our Court of Appeals instructs "[n]o minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."[16] Cadillac

Ranch's payroll data shows approximately 220 former and current tipped employees are potential class members. Cadillac Ranch does not dispute this number. We find the class of approximately 220 members meets the numerosity requirement of Rule 23(a).

### B. The Class satisfies the commonality requirement.

"The commonality requirement [is] satisfied if [Ms. Koenig] shares at least one question of fact or law with the grievances of the prospective class."[17] Cadillac Ranch employed and compensated Ms. Koenig and the class members under the same policies, handbooks, and compensation scheme. Cadillac Ranch claimed a tip credit and used the same payroll calculations for Ms. Koenig and the approximately 220 class members. The proposed class shares common legal questions because Ms. Koenig alleges Cadillac Ranch violated the Pennsylvania Minimum Wage Act with the same four legal theories applied to all tipped employees in the class.

We find the commonality requirement is satisfied because Cadillac Ranch used standardized policies to notify tipped employees of the tip credit and standardized procedures to calculate their tip credit for payroll evidencing tipped employees sharing common factual allegations and legal theories for recovery.

### C. The Class satisfies the typicality requirement.

The typicality requirement "focuses on whether the individual claim of the class representative has the essential characteristic common to the claims of the class."[18] Ms. Koenig's claim is typical of the class because all class members were tipped employees like Ms. Koenig. We also find Cadillac Ranch used the same employee handbook and compensation policy for Ms. Koenig and the class members and paid Ms. Koenig and class members under the same tip credit provision and using the same payroll system. Typicality also applies to Cadillac

Ranch's defenses; we find it raises the same defense of proper notice and proper calculation of minimum wage under Pennsylvania's Minimum Wage Act for Ms. Koenig and the class members. Rule 23(a)'s typicality requirement is satisfied.

### D. The Class is adequately represented.

Rule 23(a)'s adequacy of representation requires: (1) "'plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation;' and, (2) 'the plaintiff must not have interests antagonistic to those of the class.'"[19]

We find Attorney Gerald D. Wells, III and his firm Connolly Wells & Gray, LLP are qualified, experienced, and able to conduct this litigation. We reviewed Attorney Wells' attached declaration and agree with Judge Surrick, who recently found counsel has "extensive experience litigating wage-related employment matters in various district courts" when approving Attorney Wells and his firm as adequate representatives in a class settlement of tipped employees suing their restaurant employer for violating tip credit provisions of Pennsylvania's Minimum Wage Act and the Fair Labor Standards Act.[20]

We find Chelsea Koenig has no interest antagonistic to the class and is adequate to represent the class. We reviewed Attorney Wells' declaration regarding Ms. Koenig and Ms. Koenig's deposition testimony and find Ms. Koenig shares the same factual and legal theories of recovery as the class members. We do not find, and Cadillac Ranch does not show, Ms. Koenig has an interest antagonistic to class.

We find Ms. Koenig adequately represents the class and Attorney Wells and his firm are adequate class counsel.

## 2. The Class satisfies Rule 23(b)(3) predominance and superiority requirements.

Rule 23(b)(3) requires "(1) common questions of law or fact predominate (predominance); and, (2) the class action is the superior method for adjudication (superiority)."[21]

### A. The Class satisfies the predominance requirement.

The predominance requirement "begins, of course, with the elements of the underlying cause of action."[22] Ms. Koenig's underlying cause of action is Cadillac Ranch violated Pennsylvania's Minimum Wage Act by: (1) failing to meet tip credit notification requirements; (2) failing to pay tipped employees full minimum wage when they performed non-tipped work; (3) claiming a tip credit in excess of amounts permitted by Pennsylvania law; and, (4) forcing tipped employees forfeit tips when customers walked out or the employee had a cash shortage.

The class members include servers, bartenders, bussers, and food runners. We understand certain tipped positions may have different factual claims; for example, it is more likely a server and bartender would forfeit tips due to customer walk out than a food runner. A class may have individual questions of fact so long as "common questions '*predominate* over any questions affecting only individual [class] members.'"[23]

The predominant questions of fact and law for the class relate to how Cadillac Ranch notified tipped employees of the tip credit and calculated all tipped employees' minimum wage. We find predominance is satisfied because Cadillac Ranch used the same policies and procedures for all tipped employees and they share the same cause of action under Pennsylvania's Minimum Wage Act.

### B. The Class satisfies the superiority requirement.

Rule 23(b)(3)'s superiority requirement asks us to "balance, in terms of fairness and efficiency, the merits of a class action against those of alternative methods of adjudication."[24] In

*Ripley*, which concerned failure to pay overtime wages, the court noted there is "little incentive for Plaintiffs to bring their claims individually because the amount of recovery, if any, would be very small. Class actions are particularly appropriate in such cases."[25] The core claim here is Cadillac Ranch underpaid its tipped employees the minimum wage. Each tipped employee's recovery will be relatively small. We find a class action is the superior method for the class' minimum wage claims because of the small size of individual recoveries.

We also find this District is a desirable place to concentrate litigation under Rule 23(b)(3)(C) because Cadillac Ranch owns and operates a restaurant employing Class members here. We do not find likely difficulties in managing this class action under Rule 23(b)(3)(D). Cadillac Ranch objects to Ms. Koenig's failure to demonstrate the class action's "manageability" makes certifying a class inappropriate. We disagree; tip credit claims on behalf of tipped employees in the restaurant industry are routinely managed as class actions. There are no conflicts of law among the claims, we apply the Fair Labor Standards Act law to the collective's claims and Pennsylvania's Minimum Wage laws to the class claims. Cadillac Ranch can argue from a full factual record at summary judgment to eliminate what it believes are more appropriately individual, and not class action, claims.

## IV. Conclusion

We conditionally certify a collective action under the Fair Labor Standards Act of all former and current tipped employees (such as server, bartender, busser, food runner) of Cadillac Ranch All American Bar & Grill in Pennsylvania, Maryland, Florida, or Indiana at any time from September 9, 2013 to the date the tipped employee signed Cadillac Ranch's January 2017 Tip Credit Policy. We also certify the Class under Fed. R. Civ. P. 23 of all former and current Tipped Employees (such as server, bartender, busser, food runner) of Cadillac Ranch All

9

American Bar & Grill in Pennsylvania at any time from September 9, 2013 to the date the tipped employee signed Cadillac Ranch's January 2017 Tip Credit Policy.[26] We find Ms. Koenig an adequate representative for the Class and find Attorney Wells and his firm Connolly, Wells & Gray are qualified, experienced, and able to adequately represent the Class as Class counsel.

---

[1] One of the Maryland locations closed in January 2014. The parties agree there is also a Cadillac Ranch restaurant in Minnesota; however, it does not use the tip credit to pay its employees. Ms. Koenig does not seek to include the Minnesota location's employees.

[2] Ms. Koenig used the corporate parent name Granite City Food & Brewery Ltd. We use the more specific Cadillac Ranch name because there is a separate and unrelated Fair Labor Standards Act case in the District of Minnesota against Granite City Food & Brewery locations. Ms. Koenig also includes host/hostess; however, Cadillac Ranch's corporate designee testified host/hostess are paid an hourly wage so we exclude them from the collective. *See* ECF Doc. No. 57-2 at 9-11.

[3] *See Boyington v. Percheron Field Services, LLC*, No. 14-90, 2015 WL 3756330 at *1 (W.D. Pa. June 16, 2015) (internal citations omitted).

[4] *See Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012).

[5] *Boyington*, 2015 WL 3756330 at *1 (quoting *Zavala*, 691 F.3d at 536 n. 4 and *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011)).

[6] *Id.* (citing *Symczyk*, 656 F.3d at 194).

[7] ECF Doc. No. 57-3 15-16.

[8] ECF Doc. No. 57-2 at 9-10.

[9] ECF Doc. No. 57-8 at 8-9.

[10] ECF Doc. No. 57-7 at 65.

[11] ECF Doc. No. 57-2 at 46.

[12] *In re Community Bank of Northern Virginia*, 622 F.3d 275, 291 (3d Cir. 2010) (quoting *In re General Motors Corp. Pick-Up Truck Fuel Tanks Prods. Liab. Litig.*, 55 F.3d 768, 799 (3d Cir. 1995)).

[13] *Id.*

[14] *Id.*

[15] *In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305, 320 (3d Cir. 2008) (citing *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2nd Cir. 2008)).

[16] *Martz v PNC Bank, N.A.*, No. 06-1075, 2007 WL 2343800 at *2 (W.D. Pa. August 15, 2007) (citing *Stewart v. Abraham*, 275 F.3d 220, 226 (3d Cir. 2001)).

[17] *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 310 (3d Cir. 1998) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 56 (3rd Cir. 1985)).

[18] *In re Flat Glass Antitrust Litigation*, 191 F.R.D. 472, 479 (W.D. Pa. 1999) (internal citations omitted).

[19] *Hayden v. Freightcar America, Inc.*, No. 07-201, 2008 WL 375762 at *13 (W.D. Pa. Jan. 11, 2008) (quoting *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975)).

[20] *Graudins v. Kop Kilt, Inc.*, No. 14-2589, 2017 WL 736684 at *4 (E.D. Pa. Feb. 24, 2017).

[21] *In re Community Bank*, 622 F.3d at 291.

[22] *Neale v. Volvo Cars of North America, LLC*, 794 F.3d 353, 370 (3d Cir. 2015) (internal citations omitted).

[23] *Id.* at 371 (quoting *Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, — U.S. —, 133 S.Ct. 1184, 1191–92 (2013)).

[24] *Ripley v. Sunoco, Inc.*, 287 F.R.D. 300, 310 (E.D. Pa. 2012) (quoting *In re Prudential*, 148 F.3d at 307-08.

[25] *Id.*

[26] We can refine the timeframe for the class and collective actions, as Ms. Koenig acknowledges in her brief, if Cadillac Ranch proves as a matter of law it provided sufficient notice for the tip credit under the Fair Labor Standards Act or Pennsylvania's Minimum Wage Act before its January 2017 notice.