IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHELSEA KOENIG            :   CIVIL ACTION
                                  :
          v.                 :   NO.   16-1396
                                  :
GRANITE CITY FOOD & BREWERY,   :
LTD.                                 :

## ORDER

AND NOW, this 30th day of November 2017, consistent with our Court of Appeals' guidance in *Pansy v. Borough of Stroudsburg*, 23 F. 3d 772 (3d Cir. 1994) and upon considering the Plaintiff's Motion for leave to file the Declaration of Jeffrey Rager under seal (ECF Doc. No. 107) and our *in camera* review of Jeffrey Rager's Declaration, it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 107) is **DENIED** as the parties may not preclude public disclosure of the entire Declaration without articulated reasoning of why disclosure of the only arguably confidential information - the status of Defendant's lending relationships - will work a clearly defined and serious injury after the publicly traded Defendant disclosed its financial condition in public filings.[1]

KEARNEY, J.

---

[1] The common law right of access to judicial proceedings and judicial records" is a right which our court of appeals holds is "'beyond dispute.'" *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir.1988)). The burden of justifying the confidentiality of each document sought to be covered by a protective order remains on the party seeking the order. *Id.* at 1122. Right of access to judicial records is not absolute. *Id.* at 221 (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).

We have "supervisory power over [our] own records and files" and may deny access "where court files [may] become a vehicle for improper purposes." *Id.* Our court of appeals permits us to seal documents where justice requires. *Id.* Right of access "promotes public confidence in the

judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Id.* A "'strong presumption' in favor of accessibility attaches to almost all documents created in the course of civil proceedings." *Id.* (internal quotations omitted). Beyond evidence, the common law right of access includes all judicial records and documents, "transcripts, evidence, pleadings, and other materials submitted by litigants ..." *United States v. Martin*, 746 F.2d 964, 968 (3d Cir.1984).

We do not preclude public access absent particularized good cause. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a good cause showing. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986), *cert. denied*, 484 U.S. 976 (1987).

The parties seek to redact Mr. Rager's entire Declaration relating to his background, employment, nature of negotiations and, in a few limited references, to the Defendant's present deteriorated financial condition which he admits is also described in Defendant's "quarterly financial statement filed with the OTC Markets."   This information in not confidential and we cannot find particularly good cause to seal information filed in the market.   The only close call is in subparagraphs (a)(b)(c) to paragraph 11 and in paragraphs 12 and 13 where Mr. Rager arguably discloses general information relating to its lending relationships.   But Defendant does not articulate a clearly defined and serious injury from disclosure of the status of its loan relationships nor can we imagine how it could do so given its public filings.   Absent a specific and clearly defined and serious injury, we cannot preclude public access of financial information arguably disclosed in part in public filings.

2