IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHELSEA KOENIG** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 16-1396** |
| | : | |
| **GRANITE CITY FOOD & BREWERY, LTD.** | : | |
| | : | |

## ORDER

**AND NOW**, this 21st day of December 2017, upon considering Plaintiff's unopposed Motion for Preliminary Approval of the Class/Collective Action Settlement, Certification of the Proposed Settlement Class/Collective, and Appointment of Class Counsel ("Plaintiff's Motion") (ECF Doc. No. 108), Declaration of Gerald D. Wells, III (ECF Doc. No. 110) attaching the parties' Joint Stipulation of Settlement and Release Agreement (ECF Doc. No. 110-1), Declaration of Jeffery Rager (ECF Doc. No. 112-1), Supplemental Declaration of Gerald D. Wells, III with amendments to the Settlement and Release Agreement and Class Notice (ECF Doc. No. 115), today's two telephone conferences with counsel addressing the number of class members, location of the final approval hearing and basis for not affording a second opt-out period under Fed.R.Civ.P. 23(e)(4) following our noticed December 12, 2017 hearing, it is **ORDERED** Plaintiff's Motion for Preliminary Approval (ECF Doc. No. 108) is **GRANTED as amended in part**:

1. Chelsea Koenig individually and on behalf of similarly situated employees, asserts claims against Cadillac Ranch All American Bar & Grill ("Cadillac Ranch") for allegedly violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.101 *et seq.*

2.      Ms. Koenig and Cadillac Ranch agree to a Joint Stipulation of Settlement and Release Agreement, as revised to address our concerns during the December 12, 2017 hearing ("Settlement Agreement") resolving claims on behalf of certain individuals who worked for Cadillac Ranch in Pennsylvania, Maryland, Florida and Indiana (ECF Doc. Nos. 110-1, 115-1).[1]

3.      Supplemental jurisdiction exists over the state law claims asserted by Ms. Koenig and the Settlement Class Members under 28 U.S.C. §1367(a) because the state law claims are factually so closely related to Ms. Koenig's FLSA claims and there is such a substantial overlap in the identity of the FLSA putative Plaintiffs and putative members of the state law class, they form part of the same case or controversy under Article III of the United States Constitution. All federal and state claims derive from a common nucleus of operative facts and would ordinarily be tried in one judicial proceeding. Moreover, considerations of judicial economy, convenience, and fairness to litigants weigh in favor of addressing the state law claims in the same proceeding as the federal law claims.

4.      **Preliminary Approval of Settlement:** We **preliminarily approve** the terms of the Settlement Agreement as amended and reflected in this Order as being fair, reasonable and adequate, and in the best interest of Ms. Koenig and putative Settlement Class Members, defined below.[2] Settlement of the Settlement Class Members' claims under the Class and Collective

---

[1] To the extent not altered by this Order, we adopt the defined terms in the Settlement Agreement (ECF Doc. Nos. 110-1, 115-1 , ¶2).

[2] Preliminary approval is not a rubber stamp of a proposed agreement. *In re Nat'l Football Players' Concussion Injury Litig.*, 961 F.Supp.2d 708, 715 (E.D.Pa. 2014). As we addressed during our preliminary approval hearing, we must screen for "obvious" problems and deficiencies and ensure the settlement negotiations occurred at arm's length; sufficient discovery; and, the proponents are experienced in similar litigation. *Kopchak v. United Resource Systems, et al.*, No. 13-5884, 2016 WL 4138633 (E.D.Pa. Aug. 4, 2016)(citing *Harlan v. Transworld Sys., Inc.*, 302 F.R.D. 319, 324 (E.D.Pa. 2014)). This settlement satisfies each of these tests: the settlement occurred after realistic negotiations first initiated before mediator Carol Katz, Esq. following disclosure of Cadillac Ranch's financial challenges; interview of the

2

Action Complaint and the Settlement Agreement is the most expeditious, efficient, and fair means of resolving such claims. This Order shall govern to the extent any terms in the Settlement Agreement differ from obligations imposed by this Order.

5. The **Settlement Class** includes: (i) 25 individuals that are both Pennsylvania Class and FLSA Class Members; (ii) 197 individuals who are Pennsylvania Class Members only; and (iii) 33 individuals who are FLSA Class Members only.

    a. **FLSA Class Members** in the Settlement Class means 58 individuals (25 from Pennsylvania, 26 from Maryland, 5 from Florida and 2 from Indiana) affirmatively opting-in this Action under Section 216(b) of the FLSA before December 20, 2017.

    b. The **Pennsylvania Class** in the Settlement Class means all former and current Tipped Employees of Cadillac Ranch who worked in Pennsylvania at any time during the Class Period (i) sent a copy of the Prior Notice under our May 11, 2017 Order and (ii) has not filed a Request for Exclusion with the Court before December 20, 2017.

6. **Settlement Class Findings**: We preliminarily find, for settlement purposes only, the parties conditionally satisfied prerequisites for a class action for settlement purposes under Federal Rules of Civil Procedure 23(a) and 23(b):

1) The Settlement Class consists of approximately 255 individuals and is so numerous joinder would be impracticable.

2) There are one or more questions of law or fact common to Settlement Class Members including Ms. Koenig alleging Cadillac Ranch failed to properly pay Tipped

---

its Chief Financial Officer, the parties exchanged thousands of documents lines of electronic payroll data and deposed each other; the settlement represents a 40%-45% recovery of damages claimed by the Class; counsel for both parties are experienced in this particular discipline of commercial and employment litigation; and, following our extensive hearing on preliminary approval, the parties agreed to terms demonstrating increased fairness.

Employees; failed to satisfy the notice requirements of the tip credit provisions in federal and state law; caused deductions from tips in violation of federal and state law; and whether Cadillac Ranch violated the FLSA and PMWA;

  a. Ms. Koenig's claims are typical of the claims of Settlement Class Members arising from Cadillac Ranch's alleged unlawful "tip credit" and minimum wage violations arising from the same event or practice or course of conduct giving rise to the Settlement Class Members' claims[3];

  b. Ms. Koenig will fairly and adequately protect the interests of Settlement Class Members as (i) her counsel is extensively experienced in this subject, qualified and generally able to conduct this litigation; (ii) her interests and notice of the claims are consistent with those of all members of the Settlement Class; and, (iii) her interests are not antagonistic to the interests of the Settlement Class Members;

  c. Prosecution of separate actions by individual Class Members would create a risk of: (i) inconsistent or varying adjudications as to individual members of the Settlement Class possibly establishing incompatible standards of conduct for the parties opposing the asserted claims; and (ii) adjudications as to individual members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests; and

  d. Common issues of law and fact predominate over any potential individual issues, as the predominant issue is whether Cadillac Ranch's practices are in accordance with applicable wage laws, and a class action is a superior mechanism to fairly and efficiently settle this controversy.

7.      **Settlement Class Representative**:  Having presented documents and participated in discovery, Chelsea Koenig is an adequate and typical class representative, and we appoint her as class representative for all Settlement Class Members.

8.      **Class Counsel**: Under Fed.R.Civ.P. 23(g), we appoint Connolly Wells & Gray, LLP as Class Counsel upon consideration of (i) the work Class Counsel did in identifying or investigating potential claims in the case; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted here; (iii) Class Counsel's knowledge of applicable wage laws, including the FLSA and PMWA and how those laws apply to the claims; and, (iv) the resources Class Counsel committed to representing Ms. Koenig and the Settlement Class as fiduciaries including deferring payment, absent a motion and our Order, until payment is sent to the Settlement Class Members.  Based on these factors, we find Class Counsel has and will continue to represent fairly and adequately the interests of Settlement Class Members.

9.      **Claims Administrator**:  Having confirmed no conflicts with the parties or counsel, the Court approves RG/2 Claims Administration LLC of Philadelphia, Pennsylvania as Claims Administrator to administer the Settlement Agreement as detailed therein.

10.     **Final Approval Hearing**: We will hold a Settlement Final Fairness Hearing on **March 28, 2018 at 11:30 A.M., United States Courthouse, 601 Market Street, Courtroom 6-B, Philadelphia, Pennsylvania 19106** ("Hearing on Final Approval") to determine whether: the Settlement Class should be finally certified as a class action under Fed.R.Civ.P. 23(a) and (b); the terms and conditions provided in the Settlement Agreement are fair, reasonable, and adequate and should be finally approved; the Released Claims should be dismissed with prejudice; the Class Members and their representation by Plaintiff and Class

Counsel satisfy Fed.R.Civ.P. 23; Class Counsel's application for an award of attorneys' fees and reimbursement of attorneys' fees, costs and expenses (including all claims administration expenses) in an amount not to exceed $ 10,000 and a service award of no more than $7,500 for Ms. Koenig should be approved; and, any other issues necessary for approval.

11. **Approved Notices to Settlement Class**: The Court approves the attached form of Notice of Settlement ("Notice").

   a. As soon as possible and no later than **January 18, 2018**, RG/2, as the Claims Administrator, is authorized and directed to issue the Notice to Settlement Class Members by first class mail; If the Notice is returned as undeliverable, RG/2 will perform one skip trace and resend Notice by First Class United States Mail to those Settlement Class Members for whom it obtains an updated address.

   b. **On or before January 18, 2018**, RG/2, as the Claims Administrator, Class Counsel shall create a website or a link on its website attaching .pdf images of the Complaint, Answer, the Settlement Agreement, Notice, this Order and any further filings as made, including any application by Class Counsel for attorneys' fees and reimbursement of litigation expenses and for a Service Payment for Ms. Koenig. The website shall also include a "frequently asked questions" with corresponding answers.

12. **Motion in Support of Final Settlement Approval**: Ms. Koenig's counsel shall move for final approval of the settlement including addressing any attached unresolved objections, dismissal, application by Class Counsel for attorneys' fees, reimbursement of litigation expenses and a service payment to Ms. Koenig no later than **February 26, 2018**. Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available on the website identified in the Class Notice. Until such time as the Court

can make a final determination as to the propriety of the Settlement Agreement at the Final Approval Hearing, the Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

### *Objections to Settlement[4]*

13. A Pennsylvania Class Member may only be heard or entitled to object to the approval of the terms and conditions of the Settlement Agreement, the final approval of the Settlement Agreement, Class Counsel's application for an award of attorneys' fees and payment of expenses, or Plaintiff's award of a Service Payment by timely filing written objections and copies of any supporting papers and briefs ("Objection") with the Clerk of Court for the Western District of Pennsylvania and mailing the Objection to counsel for both parties **postmarked on or before [sixty days after mailing.]**

14. Only Pennsylvania Class Members shall have rights with respect to approval of or objection to the Settlement Agreement, the application by Class Counsel for an award of attorneys' fees and reimbursement of litigation expenses, and request for a Service Payment to Ms. Koenig.

15. Any Class Member who has not requested exclusion from the Settlement may appear at the March 28, 2018 Final Approval Hearing to show cause as to his or her position on the Settlement Agreement and on the Court's reviewing the Settlement Agreement as fair, reasonable, and adequate; why the Settlement Agreement should not receive final approval by

---

[4] There is no basis to require a second opt-out period following the close of the opt-out period for the Pennsylvania Class in August 2017. ECF Doc. No. 75. There has been no material change in the potential liability. The only change in circumstances arises from the Class Counsel's discovery of the Cadillac Ranch's ongoing financial deterioration. Class Counsel studied the financial information and, acting as a fiduciary, found a settlement resulting in a 40%-45% recovery to be fair to the Settlement Class. We may learn, from timely objections, as to reasons why the settlement should not be finally approved. But we find no present basis to allow further opt-out given the imminent closing of the opt-out period.

the Court; why Class Counsel should not be awarded attorneys' fees, costs and expenses; or, why Mr. Koenig should not be awarded a Service Payment.

16. Any Class Member may enter an appearance in this action, at his or her own expense, individually or through counsel of his or her own choice. Class Members who do not enter an appearance will be represented by Plaintiff's Counsel.

17. Any Class Member who does not object in the manner prescribed above shall have waived such Objection and shall be forever foreclosed from making any Objection to the fairness, adequacy, or reasonableness of the Settlement Agreement or the Order and Final Judgment to be entered possibly approving the Settlement Agreement, Class Counsel's application for an award of attorneys' fees, costs and expenses, or Plaintiff's request for a Service Award.

18. **Stay pending Final Approval Hearing**: Pending final determination of whether the Settlement Agreement should be approved, all discovery and proceedings in this Court are stayed, except for proceedings expressly allowed by this Order.

### *Attorneys' Fees, Costs and Incentive Awards*

19. Following the March 28, 2018 Final Approval Hearing, the Court will issue an Order on Class Counsel's motion for an award of attorneys' fees and reimbursement of reasonable expenses and for a Service Award to Mr. Koenig for his efforts as representative of the Class Members.

20. All reasonable costs incurred in identifying and notifying Class Members, as well as administering the Settlement Agreement and distributing payments under the Settlement Agreement, shall be paid as set forth in the Settlement Agreement subject to the Court's final approval.

21. Should the Court grant final approval and grant Class Counsel's Motion for attorneys' fees, costs and expenses ("Fee Award"), the Claims Administrator shall disburse the Fee Award in accordance with the Settlement Agreement.

22. The administration of the Settlement Agreement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the Settlement Agreement are under this Court's authority.

_____
KEARNEY, J.

# NOTICE OF PENNSYLVANIA CLASS AND COLLECTIVE ACTION SETTLEMENT

**YOU ARE NOT BEING SUED**

**A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**CASE NAME AND DOCKET NUMBER:**   CHELSEA KOENIG V. GRANITE CITY BREWERY, LTD.,
DOCKET NO.: 2:16-cv-01396-MAK

**PLEASE READ THIS NOTICE CAREFULLY, AS THE PROPOSED SETTLEMENT DESCRIBED HEREIN AFFECTS YOUR LEGAL RIGHTS RESULTING FROM YOUR EMPLOYMENT WITH GRANITE CITY BREWERY, LTD.**

**IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT YOU MUST FOLLOW THE DIRECTIONS PROVIDED IN THIS NOTICE.**

### 1. Why is this notice being sent?

This notice is to inform you of a Class Action Settlement in the case *Koenig v. Granite City Brewery, Ltd.*, Case No. 2:16-cv-01396, pending in the United States District Court for the Western District of Pennsylvania ("Lawsuit"). All capitalized terms in this Class Notice are defined in the Settlement Agreement, which is available on the docket of this case located at _____. If terms are insufficiently identified, discussed or defined in this Notice or if any terms of this Notice conflict with the Settlement Agreement, the terms of the Settlement Agreement shall prevail.

The Plaintiff Chelsea Koenig ("Plaintiff") in the Lawsuit filed suit against Granite City Food & Brewery, LTD d/b/a Cadillac Ranch All American Bar & Grill ("Cadillac Ranch") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"). The Plaintiff represents two classes of individuals: (i) individuals that opted into the FLSA collective action and (ii) individuals who worked at any Cadillac Ranch location in the Commonwealth of Pennsylvania, and did not opt-out of the class, between September 9, 2013 through August 31, 2017 in one or more of the following positions: bartender, server, and/or food runner (collectively referred to herein as "Tipped Employees"). According to Defendants' records, you were a Tipped Employee and worked one or more days at a Cadillac Ranch location during the Class Period. The Plaintiff alleged that Defendants failed to properly pay Tipped Employees by, among other things, failing to satisfy the notice requirements of the tip credit provisions in federal and state law; and causing deductions from tips in violation of federal and state law. Defendants deny Plaintiff's allegations in their entirety and assert at all relevant times, it paid its Tipped Employees properly and provided proper notice of the tip credit.

After extensive negotiations, the Parties (Plaintiff and Defendants) have reached a settlement of the Lawsuit (the "Settlement Agreement"). The Court granted preliminary approval of the Settlement on December 21, 2017 and scheduled a hearing on **March 28, 2018 at 11:30 A.M. in Courtroom 6-B, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania** to determine whether to grant final approval.

**IF YOU ARE ONE OF THE INDIVIDUALS DESCRIBED IN THIS NOTICE WHO IS AFFECTED BY THE PROPOSED SETTLEMENT, YOU WILL GET MONEY FROM THIS SETTLEMENT SHOULD THE COURT APPROVE OF THE SETTLEMENT'S TERMS AND CONDITIONS.**

### 2. Who is affected by the proposed Settlement?

The Lawsuit was filed as a class action. In a class action, one or more people called "class representatives" (here, Plaintiff Chelsea Koenig) sue on behalf of people who allegedly have similar claims. This group is called a "class" and the persons included are called "class members." One court resolves the issues for all of the class members, except for those who previously excluded themselves from the class. Here, the Court has certified the litigation as a class action for settlement purposes.

The Plaintiff is serving as the Class Representative for a settlement class of approximately 222 Tipped Employees who worked at Defendants' Cadillac Ranch locations in Pennsylvania ("Rule 23 Class") during the applicable Class Period, September 9, 2013 through August 31, 2017. In addition, the Settlement Class also includes individuals who opted-in to join the FLSA Collective Action ("FLSA Class"). In total, the Settlement Class is comprised of the following (i) 25 individuals that are members of both the Rule 23 Class and the FLSA Class; (ii) 33 individuals that are members of the FLSA Collective only; and (iii) 197 individuals that are members of the Rule 23 Class only.

1

### 3. What is this case about?

Plaintiff brought the Lawsuit claiming that Defendants failed to properly pay Tipped Employees the applicable minimum wage for all hours worked. As set forth in the Complaint, Plaintiff alleges that Defendants failed to satisfy the notice requirements of the tip credit provisions in federal and state law and caused deductions from tips in violation of federal and state law (and thus should have paid Tipped Employees the full minimum wage for every hour worked – e.g., $7.25 per hour in Pennsylvania). Defendants have responded to the Lawsuit by denying all of Plaintiff's claims.

The parties in this Litigation disagree as to the probable outcome of the Lawsuit with respect to all issues if it were not settled. While the Plaintiff was prepared to proceed with litigating the case described above, the Plaintiff recognizes that litigating is a risky proposition and that she may not have prevailed on any or all of her claims. Defendants expressly deny any wrongdoing or legal liability. Further, Defendants' financial condition has severely declined over recent quarters and since the inception of this litigation. Thus, had this matter not settled, there was the significant possibility that the Settlement Class would have received even less than what is set forth in the Settlement.

This Settlement is the result of good-faith, arms-length negotiations between the Plaintiff and Defendants, through their respective attorneys. Both sides agree that, in light of the risks and expense associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Settlement Class.

### 4. What are my options?

You may have two options with regard to this Settlement. (1) All Class Members will participate in the Settlement by doing nothing and (2) Class Members that are PA Rule 23 Class Members only (*i.e.* individuals that did not opt-in to the case), may choose to object to the fairness, reasonableness or adequacy of the Settlement by submitting written objections to the Claims Administrator. Details about each option and how each option will affect your rights under the law are explained below.

### 5. What are the terms of the proposed Settlement?

While denying liability, under the Settlement Agreement, Defendants will pay a total of Three Hundred Five Thousand Dollars ($305,000.00) to settle this Litigation ("Settlement Amount"). The Settlement Amount will be used to cover all payments to Participating Settlement Class Members, fees and expenses incurred by the Claims Administrator in administering this Settlement, attorneys' fees and expenses of Class Counsel (as awarded by the Court), and any Service Payment to Plaintiff (as awarded by the Court).

The Settlement Amount will be divided amongst the Settlement Class Members. The Claims Administrator RG2 (located in Philadelphia, Pennsylvania) will calculate Settlement Payments for Participating Settlement Class Members in four steps. The methodology is briefly described below and is set forth in detail in the Settlement Agreement.

First, the Claims Administrator will deduct from the Settlement Amount the following amounts as awarded or permitted by the Court: (i) Class Counsel's attorneys' fees and expenses, (ii) the Service Payment, if any, to the Plaintiff, and (iii) the fees and expenses of the Claims Administrator. The Claims Administrator currently estimates their fees and expenses to be approximately Eight Thousand Eight Hundred Dollars ($8,800.00). The resulting number will be referred to as the "Net Settlement Amount." For each Participating Settlement Class Member, the Claims Administrator will multiply (i) the total hours worked by that individual and (ii) the difference between the full minimum wage for the state in which the individual worked and the hourly rate actually paid by Defendants to that Participating Settlement Class Member. This number will be referred to as the "Participating Individual Damage Amount."

For example, here is how a Participating Settlement Class Member's damages would be calculated if they worked for Defendants in 2016:

In Pennsylvania (minimum wage was $7.25 per hour): Hours worked x tip credit claimed by Defendant ($4.42 per hour) = Participating Individual Damage Amount.

In Maryland (minimum wage was $8.75 effective 7/1/2016): Hours worked x tip credit claimed by Defendant ($5.12 per hour) = Participating Individual Damage Amount.

In Florida (minimum wage was $8.05): Hours worked x tip credit claimed by Defendant ($3.02 per hour) = Participating Individual Damage Amount.

In Indiana (minimum wage was $7.25 per hour): Hours worked x tip credit claimed by Defendant ($5.12 per hour) = Participating Individual Damage Amount.

Please note that the minimum wage and the tip credit Defendant could claim varies between states due to the differences in the state laws of each of those states.

The Participating Individual Damage Amount for all Participating Settlement Class Members will then be added together by the Claims Administrator to determine the "Participating Settlement Class Members' Total Damage Amount." Then, the Claims Administrator will divide the Net Settlement Amount by the Participating Settlement Class Members' Total Damage Amount. Finally, the resulting fractional amount will be multiplied by the Participating Individual Damage Amount to determine that Participating Settlement Class Member's Settlement Payment.

Thus, based on preliminary calculations, the Participating Settlement Class Members' Total Damage Amount is $XXXXX. Assuming the Court approves all fees and expenses, a Participating Settlement Class Member could expect to receive approximately XX% of their total wages owed during the Class Period. Hence if a Participating Settlement Class Member was owed $1,000.00 in back wages, they would receive $XXX.XX under this proposed Settlement.

**An estimate of the amount you will receive, should the Settlement be approved, is included with this Notice Packet.** This estimate is based on the number of hours recorded in Defendants' timekeeping system. If you believe the number of hours recorded is in error, you may notify the Claims Administrator and dispute this amount. Please provide the Claims Administrator with any and all documents that support your claim. In addition, if your Participating Settlement Class Member's Settlement Payment is subject to any mandatory deductions (*e.g.*, garnishments, tax liens, child support), those will also be included in this Notice Packet. If you believe the deduction is not accurate, you can contact the Claims Administrator at XXXXXXXXXXXXXXX.

As part of the Settlement Amount, and in addition to any amount recoverable as a Participating Settlement Class Member, Defendants have agreed to pay Plaintiff up to Seven Thousand Five Hundred Dollars ($7,500.00) in recognition of the risk she took in bringing this Lawsuit and efforts she expended in prosecuting and resolving the Litigation by, among other things, preparing for and attending the settlement conference and sitting for her deposition. The actual amount, if any, of the Service Payment Plaintiff will receive will be decided by the Court after it considers risks Plaintiff incurred and the benefits she helped obtain for Settlement Class Members.

| 6. | **Who represents the Parties?** |

*Plaintiff and Settlement Class Members*:

Gerald D. Wells, III
CONNOLLY WELLS & GRAY, LLP
2200 Renaissance Boulevard
Suite 275
King Of Prussia, PA 19406
Phone: (610) 822-3700
Facsimile: (610) 822-3800
www.cwg-law.com

*Defendants*

Kimberly J. Gost
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street
Suite 1400
Philadelphia, PA 19102-1321
Phone: (267) 402-3007
Facsimile: (267) 402-3131
www.littler.com

| 7. | **How will the attorneys for the class be paid?** |

Any attorneys' fees and costs awarded in conjunction with the Settlement shall be paid from the Settlement Amount. Any fees and costs awarded by the Court in connection with this Settlement shall include and constitute satisfaction of the entire amount of attorneys' fees and costs awarded by the Court, and shall be distributed by the Claims Administrator after the Court makes a determination regarding the amount of any fees and costs to be awarded. Per the terms of the Settlement Agreement, Class Counsel agrees not to seek more than thirty-five percent (35%) of the Settlement Amount as a fee award, plus reasonable expenses. Currently, Class Counsel estimates their expenses to be approximately Ten Thousand Dollars ($10,000.00) as these fees resulted primarily from costs

associated with deposition transcripts, travel for depositions and the mediation, and the Plaintiff's portion of the mediator's fee. Settlement Class Counsel's Motion for Attorneys' Fees and Costs will be a public document filed with the Court. Once filed, Settlement Class Counsel's Motion will be available on the following website: [XXXXXXXXX]. The actual amount awarded will be determined by the Court to ensure that the amount of attorneys' fees and costs are reasonable.

### 8. How do I participate in the Settlement and what happens if I do participate?

**To receive a distribution from the Settlement Amount, you do not need to do anything.** If the Court approves the Settlement, you will receive a distribution amount calculated as described in Section 5.

If the Court grants final approval of the Settlement, you will be deemed by the Court to have fully and irrevocably released and waived any and all state and federal wage claims you may have against Defendants for known and unknown acts during the Class Period. You will be unable to bring any claim against Defendants that is included in the Release of Claims set forth in the Settlement Agreement. The full release is contained in the Settlement Agreement and is summarized as follows:

(i) PA Class Members that are also FLSA Class Members release any and all Federal and Pennsylvania wage-related claims of any kind, including but not limited to any claims pursuant to FLSA, the PMWA and PWPCL;

(ii) PA Class Members that are not also a FLSA Class Member release any and all Pennsylvania wage-related claims of any kind, including but not limited to any claims pursuant to the PMWA and PWPCL and upon endorsement of their individual Settlement Check identified as their federal wage check, these class members also release any and all federal wage-related claims of any kind, including but not limited to any claims pursuant to the FLSA; and

(iii) FLSA Class Members that are not also a PA Class Members release any and all federal wage-related claims of any kind, including but not limited to any claims pursuant to the FLSA and upon endorsement of their individual Settlement Check identified as their state wage check, these class members also release any and all state wage-related claims of any kind, including but not limited to any claims pursuant to the state law of Florida, Maryland, and Indiana.

You will receive your Settlement check for your distribution from the Settlement Amount after final approval and after the Settlement becomes final and effective.

Please be advised that if you are a PA Class Member and not also a FLSA Class Member and elect not to endorse your Settlement Check identified as your federal wage check that portion of your settlement proceeds will either be returned to Defendant or be reallocated to individuals who elected to cash their Settlement Checks. Similarly, if you are a FLSA Class Member and not also a PA Class Member and elect not to endorse your Settlement Check identified as your state wage check, that portion of your settlement proceeds will either be returned to Defendant or be reallocated to individuals who elected to cash their Settlement Checks. Whether funds are reallocated to other Participating Settlement Class Members or returned to Defendants depends on the total amount of unclaimed funds. A full explanation of how the Settlement Amount will be distributed is contained in the Settlement Agreement.

### 9. What if I choose to object to the Settlement?

Class Members that are PA Rule 23 Class Members only (*i.e.* individuals that did not opt-in to the case), may choose to object to the fairness, reasonableness or adequacy of the Settlement by submitting written objections to the Claims Administrator. You can object to the terms of the settlement before final approval. However, if the Court approves the settlement, you will still be bound by the terms of the settlement, including the releases described above.

To object, you must file a written objection, along with any supporting documents or materials by **[DATE 60 DAYS AFTER MAILING]** with the Clerk of the United States District Court for the Western District of Pennsylvania in Pittsburgh, Pennsylvania and you must serve a copy on the counsel for both Parties at the addresses listed above. Any Settlement Class member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the Service Payment to the Plaintiff, the claims process, and any and all other aspects of the Settlement.

Case 2:16-cv-01396-MAK   Document 118   Filed 12/21/17   Page 14 of 14

| 10. | **What if I do nothing?** |
|---|---|

**If you do nothing, you will still receive your portion of the distribution from the Settlement Amount, be sent your Settlement Check, and be bound by the releases described in Section 8.**

You are strongly encouraged to review this Notice.

| 11. | **When and where will the Court decide whether to approve the settlement?** |
|---|---|

Unless otherwise ordered as published on the public docket and noticed on the settlement website (www.            ) the Court will hold a Final Approval Hearing at 11:30 a.m. on **March 28, 2018**, at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania in Courtroom 6-B. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 9 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court will rule on objections and may, following consideration, not approve the settlement based on objections. The Court may also decide how much to pay to Class Counsel and Plaintiff.

| 12. | **Do I have to attend the Final Approval Hearing?** |
|---|---|

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear at your own expense.

| 13. | **Who can answer questions regarding the Settlement?** |
|---|---|

This Notice only summarizes the Settlement terms for the Lawsuit. For more information about the settlement or if you have any questions regarding the settlement, you may contact your class counsel, Connolly Wells & Gray, LLP at:

Gerald D. Wells, III
Connolly Wells & Gray, LLP
2200 Renaissance Boulevard, Suite 275
King Of Prussia, PA 19406
Phone: (610) 822-3700
Email: gwells@cwglaw.com

The information contained in this Notice posted on a website: [http://www.XXXXXXXXXXXXX.com]

***Do not contact the Court directly about this matter.***
***The Court cannot provide you with legal advice or any opinion regarding the Lawsuit or proposed settlement.***