## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHELSEA KOENIG** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO.  16-1396** |
| | : | |
| **GRANITE CITY FOOD & BREWERY,** | : | |
| **LTD.** | : | |

### JUDGMENT ORDER

**AND NOW**, this 28th day of March 2018, upon considering Lead Plaintiff Chelsea Koenig's unopposed Motion for final approval of a class and collective action settlement, certification of settlement class, award of reasonable attorneys' fees, reimbursement of expenses, and a service payment (ECF Doc. No. 121), the Declaration of Gerald D. Wells, III (ECF Doc. No. 124), after hearing argument during our noticed Hearing on Final Approval, and with no objections to the settlement or other relief, it is **ORDERED** Lead Plaintiff's unopposed Motion (ECF Doc. No. 121) is **GRANTED and JUDGMENT** is entered in favor of Plaintiff and against Defendant upon our findings:

### *Findings of fair, adequate and reasonable settlement.*

1.      We have jurisdiction over the subject matter and over all parties under 28 U.S.C § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367(a), including over all members of the Settlement Class.[1]

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as defined by the Joint Stipulation of Settlement and Release Agreement, as amended ("Settlement Agreement") (ECF Doc. No. 124-1).

2.      Chelsea Koenig asserted claims under the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("PWPCL") and the Fair Labor Standards Act ("FLSA").

3.      On May 11, 2017, we conditionally certified a collective action and preliminarily certified a class action for trial appointing Connolly Wells & Gray, LLP as Class Counsel and Chelsea Koenig as Class representative.

4.      Following discovery, including learning of financial distress affecting Defendant's ability to possibly satisfy a judgment, the parties moved for preliminary approval of a class/collective action settlement.  On December 21, 2017, we granted Plaintiff's uncontested Motion for approval for a settlement of FLSA claims for 58 individuals and for state law wage claims for 255 individuals (including members of the FLSA opt-in collective).

5.      Following our approval of notice, the Parties and the Claims Administrator sent 255 Notices by first class mail to the putative Settlement Class and created a settlement website. After diligent efforts, all but 6 of 255 notice packets have been delivered.

6.      No Class Member objected or opted out of the Class either in writing or at our final approval hearing.

7.      We certify a Settlement Class on the PMWA and PWPCL claims under Fed. R. Civ. P. 23(b)(3)[2] and 29 U.S.C. 216(b) consisting of:

---

[2] The Settlement Class satisfies the Rule 23 requirements: (1) the Settlement Class consists of 255 members; (2) the Settlement Class shares the common question whether the interplay between Defendant's use of "tip credit" and the requirement the Settlement Class contribute a portion of their tips to the "tip pool" violated federal and state minimum wage law; (3) the "interests of the class and the class representative aligned" on the same facts and legal theories; and, (4) Class Counsel is qualified, experienced, and generally able to conduct the proposed litigation and Ms. Koenig's interests are not antagonistic to the Settlement Class.  *See In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 426-435 (3d Cir. 2016). The Settlement Class satisfies Rule 23(b)(3): (1) the predominant question is whether Defendants' practices are in

> All former and current Tipped Employees of Cadillac Ranch All American Bar & Grill who worked in Pennsylvania at any time during the Class Period sent a copy of the Prior Notice under our May 11, 2017 Order.

8.      As of our March 28, 2018 final approval hearing, 58 Settlement Class members also opted-in to the Act claim by returning their claim forms. We refer to these opt-in Act claimants as the Settlement Collective. We certify the Act's Settlement Collective under *Zavala v. Wal Mart Stores, Inc.*[3]:

> Any individual who affirmatively opted-into this Action under Section 216(b) of the FLSA under the Settlement Agreement.

9.      Following filing of this suit, Defendants modified their compensation arrangements to the Plaintiff's satisfaction.

10.     The Settlement also includes the Defendants' payment of Three Hundred Five Thousand U.S. Dollars, $305,000.00, ("Settlement Amount"). The Settlement Amount represents a return of approximately 41.7% recovery of the total damages available to the Settlement Class during the Class Period.

---

accordance with applicable wage laws, and (2) the class action is the superior method for resolving the Settlement Class' relatively small wage claims, no other Settlement Class member has started litigation on this issues, and Settlement Class members and Defendants' restaurant are located in this District. *See Tyson Foods, Inc. v. Bouaphakeo*, __ U.S. __, 136 S.Ct. 1036, 1045 (2016); *In re: Prudential Insurance Co. America Sales Practice Litig.*, 148 F.3d 283, 316 (3d Cir. 1998).

[3] 691 F.3d 527, 536 (3d Cir. 2012). The *Zavala* factors are satisfied: (1) the Settlement Collective are all tipped employees; (2) commonality is satisfied because the Settlement Collective shares the common question whether the interplay between Defendant's use of "tip credit" and the requirement the Settlement Collective contribute a portion of their tips to the "tip pool" violated federal and state minimum wage law; (3) the "interests of the class and the class representative aligned" on the same facts and legal theories; and, (4) the Settlement Collective members have similar circumstances of employment as bartenders/waiters and were paid similar salaries.

3

11.     The parties vigorously negotiated at arm's length by and between Class Counsel and Defendants' Counsel in light of developing concerns with Defendants' financial viability, as investigated and verified by Class Counsel.

12.     The Plaintiff acted independently and Plaintiff and Class Counsel fairly and adequately represented the Settlement Class in connection with the Litigation and the Settlement.

13.     The Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

14.     Assuming they cash the three checks representing payment for releasing FLSA claims, state law claims and liquidated damages, the average recovery for all Settlement Class Members based on the three checks is $703.73.

15.     All Settlement Class Members in the Class Period receive fair compensation.

16.     As no employee opted out of the Settlement Class, this Settlement releases all state law claims.

17.     As defined in the Settlement Agreement and noticed to all Class Members (ECF Doc. No. 124-2, ¶ 8), two groups of Settlement Class Members are releasing FLSA claims:

        a.  Members of the Settlement Collective automatically release their FLSA claim; and,

        b.  Settlement Class Members who otherwise cash the check plainly identified as representing compensation for an FLSA claim.

18.     As defined in the Settlement Agreement and Notice, Settlement Class Members who are not part of the Settlement Collective and do not negotiate the check plainly identified as releasing an FLSA claim may retain claims under the FLSA against the Defendants.

4

19.     Absent objections and considering administrative convenience and necessity for

the benefit of the Class, the Plan of Allocation and formula for calculating claims of Settlement

Class Members described in the Notice sent to the Class provides a fair, reasonable, and

adequate basis to allocate the Settlement Amount.

20.     After applying each of the factors reaffirmed by our Court of Appeals in *In re*

*Nat'l Football League Players Concussion Injury Litigation*,[4] we approve the Settlement

Agreement and find the settlement is fair, reasonable, and adequate to all members of the

Settlement Class.

---

[4] 821 F.3d 410, 437 (3d Cir. 2016). When determining whether a proposed class action settlement is fair, reasonable, and adequate, we consider nine factors: "(1) The complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Id.* at 534-35 (citing *Girsh v. Jepson*, 521 F.2d 153, 156-57 (3d Cir. 1975)). The first factor supports settlement because this employment action is complex, as it requires resolving difficult issues. Litigation of these issues would have likely resulted in significant expense but for the Settlement.  The second factor supports settlement because the Class responded favorably to the settlement, as there are no objectors.  The third factor supports settlement because the parties reached settlement after substantial discovery including review of all relevant policy documents, analysis of payroll and timekeeping data, employee interviews, depositions, three class certification decisions and several rounds of negotiations aided, in part, by an experienced mediator approved by this Court.  The fourth factor supports settlement because although Plaintiff's claims survived the pleadings stage, the Plaintiff faced many issues at trial, especially proving the individualized facts. The fifth factor supports settlement because Ms. Koenig faces substantial risk in proving damages, particularly regarding a shift-by-shift inquiry. As to the sixth factor, settlement precludes the risk associated with trial and, in this context, the verifiable possibility of no recovery available from the Defendant.  The seventh factor strongly favors settlement as Plaintiff confirmed ample evidence Defendant would be unable to pay a greater judgment. The eighth and ninth factors support settlement, as Class Counsel admits it faces considerable risks in proving both liability and damages and the average payout of $703.73 per Settlement Class Member compares favorably to average payouts in similar cases.

21.     The Settlement Class satisfies Fed. R. Civ. Pro. 23(a) and is maintainable under Rule 23(b)(3). We certify the Settlement Class for purposes of settlement in this case only.

22.     The Notice approved by this Court and provided to all members of the Settlement Class, including through a website, and the initial mailings and e-mailings of approved Notice, adequately informed the Class Members of the terms of the Agreement, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and appear and be heard at our March 28, 2018 Final Approval Hearing. We find Class Notice satisfied Fed. R. Civ. P. 23(e)(1)(B).

23.     No members of the Settlement Class attended the March 28, 2018 Final Approval Hearing, notice of which was included in the Class Notice, to raise objections, advance questions, or oppose the settlement.

### *Steps to effect settlement.*

24.     **Payment to Settlement Class.** We find and determine payments to the members of the Settlement Class, as provided in the Class Notice and to be paid by the Claims Administrator is fair, reasonable and adequate when the payments will be timely made under the Settlement Agreement.

25.     **Payment to Class Counsel simultaneous with payments to the Settlement Class.** Class Counsel provided highly competent representation for the Class and are awarded $100,650 representing a 33% contingent fee as substantially reduced from a lodestar of $285,240 and $9,592.81 in demonstrated expenses, together with the interest earned on these funds while held in the Settlement Fund to be paid simultaneously with, but not before, distribution of funds under the approved Plan of Allocation to the Settlement Class or as otherwise approved in the Settlement Agreement.

a.    Exercising our discretion,[5] we conduct a "thorough judicial review" to determine the amount of any award to counsel.[6] "Judicial deference to the results of private negotiations is undoubtedly appropriate for many settlements, but not for class action settlements, including their attorney fee terms. 'That the defendant in form agrees to pay the fees independently of any monetary award or injunctive relief provided to the class in the agreement does not detract from the need carefully to scrutinize the fee award.'"[7]   In a common-fund class action, our Court of Appeals generally favors awarding fees applying a percentage-of-the-recovery method.[8]  We find a reward based on a percentage of recovery is appropriate.

b.    Class Counsel conducted extensive investigation, research, focused discovery and evaluated respective risks of further litigation, including the risk of decertification of the preliminarily certified class, additional costs, and delay associated with further prosecution of this action. The parties reached the Agreement as a result of intensive, arms-length negotiations.   Counsel reached agreement on the settlement terms without addressing the attorney's fees. Class Counsel's fees are reasonable and necessary for the benefit of the Class.[9]

---

[5] *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995).

[6] *In re Prudential*, 148 F.3d at 333; *In re Gen. Motors*, 55 F.3d at 819.

[7] *In re Southwest Airlines Voucher Litigation*, 799 F.3d 701, 713 (7th Cir. 2015) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003).

[8] *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 330 (3d Cir. 2011).

[9] Absent finding the Class is a prevailing party entitled to hourly billing recovery, we will apply the analysis for common fund cases.  We consider seven factors to analyze the reasonableness of the requested fee: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time

c.     As a cross-check, we reviewed Class Counsel's lodestar amount of $285,240 for 478.05 hours of effort, at its normal and reasonable hourly rates, and this award will be paid from the Settlement Amount at the time of distribution to Class Members, in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class Counsel as specified in the Agreement. There is no multiplier as Class Counsel has agreed to cap its fee, given the risks of recovery, at 33% of the Settlement Amount and thus release over $180,000 in billed time.

26.     **Service payment of $7,500 to Chelsea Koenig.** As sworn and without objection, Ms. Koenig's diligent efforts for the Class for over eighteen months included pre-suit assistance, preparing and sitting for a several hour deposition, regularly consulting with Class Counsel, reviewing document productions, answering Interrogatories and remaining centrally involved in meditation. Counsel describes her as working throughout the litigation at a level far beyond

---

devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases. As to the first factor, the Settlement Fund fully addresses 255 claims under the approved Settlement Agreement providing an estimated benefit to each Settlement Class member. Counsel revised the Settlement Agreement to address our requirement of no release of claims without monetary compensation. The second factor supports the proposed fee because there were no objectors. The third factor supports the proposed fee as Class Counsel possesses substantial experience prosecuting collective and class actions under these same statutes and arguing similar theories based on tip credit policies in restaurants. The fourth factor supports the proposed fee because this FLSA action is complex, as it required resolving difficult issues among varying state laws. Litigation of these issues would have likely resulted in increasing and significant expense but for the Settlement. The fifth factor supports the proposed fee because of the risk inherent in Class Counsel's decision to take this case on a contingency fee basis. Also, the risk of no recovery is heightened. The sixth factor supports the proposed fee because Class Counsel spent over 475 hours on the case over almost eighteen months. The seventh factor supports the proposed fee because a 33% fee from the Settlement Fund is consistent with other class action settlements. *See Mabry v. Hildebrant*, No. 14-5525, 2015 WL 5025810 at * 4 (E.D. Pa. August 24, 2015) ("In this Circuit, the percentage of the recovery award in FLSA common fund cases ranges from roughly 20-45%).

"run-of-the-mill" assistance.[10]   As a Settlement Class Member, Defendants will already be paying her in excess of $703.00 as a member of the Settlement Class before any service payment.  But her efforts are outside the norm and we will look at her benefit to the Class based on the only employee stepping forward to bring this claim and then making herself available for a great number of consults with her counsel.   We limit this amount solely to the facts of Ms. Koenig's involvement and do not generally approve of 10x multipliers in service fees over the payment to the Settlement Class Members.   Absent objection, in our discretion and while we hesitate to award a significant multiplier over her fellow Class Members, we award an $7,500 Service Payment from the Settlement Amount as specified in the Agreement and Class Notice, to be paid to Ms. Koenig simultaneously with, and not before, distributions to the Settlement Class.

27.   **Dismissal of Claims.**  Claims of all Settlement Class members based on or arising out of any acts, facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in this Class Action Complaint, on the merits are **dismissed with prejudice** and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

28.   **No further claims under the Complaint.**   Under state law, members of the Settlement Class are barred and  permanently enjoined, prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature, and character whatsoever under state law, whether at law or in equity, or otherwise, known or unknown, suspected or unsuspected, which now exist, may exist, or heretofore  existed against Defendants, arising out of, related to, connected with, or based in whole or in part  on any facts, transactions,

---

[10] *Graudins v. KOP Kilt, LLC*, No. 14-2589, 2017 WL 736684, at *9 (E.D. Pa. Feb. 24, 2017).

occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Complaint under state law.

Members of the Settlement Collective and those who cash the check representing consideration for releasing FLSA claims are also permanently enjoined from participating in any other collective action against Defendants or related entities, concerning the claims, causes of action, damages, and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, unknown or known, suspected or unsuspected, that now exist, may exist, or heretofore existed, against Defendants, arising out of, related to, connected with, or based in whole or in part to any facts, transactions, occurrences, representatives, or omissions which are alleged, or which could have been alleged under the Act; **Provided**, however, members of the Settlement Class who do not submit an opt-in claim form and did not cash the check plainly identified as releasing FLSA claims (as explained in the Settlement Agreement and Notice) retain claims (if any) under the FLSA.

29.     The Clerk of Court shall **close this case** retaining jurisdiction only to enforce this Order.

**KEARNEY, J.**

10